**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROBERT WILTSE,

     Petitioner,

     v.                                   No. 17-CV-01022-MV-KBM

KENNETH SMITH,

     Respondent.

<u>MEMORANDUM OPINION AND ORDER TO SHOW CAUSE</u>

This matter is before the Court, pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court, on Petitioner Robert Wiltse's Petition Under 28 U.S.C. § 2254 For Writ Of Habeas Corpus By A Person In State Custody, filed on October 10, 2017. [Doc. 1] Also before the Court is Petitioner's letter "requesting the United States District Court assert jurisdiction with a writ of superintend and control in the state habeas corpus in process for Case # D-911-CR-21300052." [Doc. 7] For the following reasons, Petitioner's motion for a writ of superintending control, which the Court liberally will construe as a petition for writ of mandamus, will be denied and Petitioner will be ordered to show cause in writing, within thirty (30) days of the date of entry of this order, why his § 2254 petition should not be dismissed without prejudice under the *Younger* abstention doctrine.

On October 10, 2017, Petitioner filed the present § 2254 petition challenging his state conviction and sentence in *State v. Wiltse*, D-911-CR-201300052. [Doc. 1] According to the petition and the attached exhibits, Petitioner was convicted on January 27, 2016 for receiving stolen property in violation of N.M. Stat. Ann. § 30-16-11 and sentenced to nine years in the custody of the New Mexico Department of Corrections. [*Id.* at 1; Doc. 1-1 at 30-31] Petitioner

filed an appeal in the New Mexico Court of Appeals, which affirmed his conviction and sentence on June 1, 2017. [*Id.* at 2; Doc. 1-2 at 19-27] Petitioner also filed a Petition For Writ of Certiorari, which was denied by the New Mexico Supreme Court on July 13, 2017. [*Id.* at 2; Doc. 1-1 at 1-19]

On August 2, 2017, Petitioner timely filed a petition for writ of habeas corpus in the Ninth Judicial District Court of the State of New Mexico. [*Id.* at 3; Doc. 1-1 at 21-29] Petitioner's state habeas proceeding is ongoing. [Docs. 5, 7] Indeed, on February 2, 2018 Petitioner filed a letter asking the Court to issue a writ of superintending control over his state habeas corpus proceeding because "[t]he obvious bias and willful mis-representation by the Office of the Chief Public Defender of the State of New Mexico makes it desirable that a habeas corpus be conducted under federal supervision." [Doc. 7]

Although the New Mexico Constitution grants the New Mexico Supreme Court superintending control over inferior courts, *see* N.M. Const. Art. 6, § 3, there is no such grant of authority to the federal courts. The closest federal analogue to a writ of superintending control is a petition for writ of mandamus. *See* 28 U.S.C. § 1651(a) ("The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law."); *Barclaysamerican Corp. v. Kane*, 746 F.2d 653, 654 (10th Cir. 1984) (noting that the petition for writ of mandamus "has been traditionally used only to confine an inferior court to the lawful exercise of its prescribed jurisdiction or to compel it to exercise authority when it has a duty to do so"). It is well established, however, that the federal courts "have no authority to issue such a writ to direct state courts or their judicial officers in the performance of their duties." *Van Sickle v. Holloway*, 791 F.2d 1431, 1436 n.5 (10th Cir. 1986) (internal quotation marks and citation omitted). Therefore, Petitioner's letter, which the Court liberally will construe as a petition for writ of mandamus, will be denied.

Although Petitioner may have exhausted his state court remedies by presenting his claims to the New Mexico Supreme Court in a petition for writ of certiorari on direct appeal, *see Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994), the Court notes that a state habeas proceeding currently is pending in the Ninth Judicial District of the State of New Mexico, which raises the exact same issues presented in Petitioner's § 2254 petition. [*Compare* Doc. 1 at 1-15, *with* Doc. 1-1 at 21-29] The pending state habeas proceeding "might result in reversal of the conviction, mooting the federal case." *Allen v. Friel*, No. 2:05-CV-845 PGC, 2007 WL 128967, at *1 (D. Utah Jan. 11, 2007) (internal quotation marks and citation omitted). Additionally, the one-year limitation period for filing a § 2254 petition is tolled during the pendency of Petitioner's state habeas proceeding. *See* 28 U.S.C. § 2244(d)(2).

Pursuant to the United States Supreme Court's holding in *Younger v. Harris*, 401 U.S. 37 (1971), federal courts are "obliged to abstain [from exercising jurisdiction] when a federal-court judgment on the claim would interfere with an ongoing state proceeding implicating important state interests." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1227-28 (10th Cir. 2004). The *Younger* abstention doctrine is based "on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems." *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997). Thus, absent extraordinary circumstances, a federal court must abstain from exercising jurisdiction when:

> (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.

*Amantullah v. Colorado Bd. of Med. Exam'r*, 187 F.3d 1160, 1163 (10th Cir. 1999). "*Younger* abstention is non-discretionary; it must be invoked once the three conditions are met, absent extraordinary circumstances." *Id.*

All three conditions for *Younger* abstention appear to be met in this case: (1) there is an ongoing state habeas proceeding in the Ninth Judicial District of the State of New Mexico; (2) the state court provides an adequate forum for Petitioner's habeas claims; and (3) the state has an important interest in reviewing the constitutionality of Petitioner's criminal conviction and sentence. *Cf. Fisher v. Whetsel*, 142 Fed. App'x 337, 339 (10th Cir. July 20, 2005) (noting that a state's "important interest in enforcing its criminal laws through proceedings in its state courts remains axiomatic") (unpublished). Although Petitioner is unsatisfied with the legal representation provided by the Office of the Chief Public Defender of the State of New Mexico in his state habeas proceeding, [*see* Doc. 7], this dissatisfaction does not constitute an extraordinary circumstance warranting an exception to the *Younger* abstention doctrine. *See Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982) ("So long as the constitutional claims of respondents can be determined in the state proceedings and so long as there is no showing of bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate, the federal courts should abstain."); *Phelps*, 122 F.3d at 889 (noting that "[i]t is the plaintiff's 'heavy burden' to overcome the bar of *Younger* abstention by setting forth more than mere allegations of bad faith or harassment"). Therefore, the Court will require Petitioner to show cause in writing, within thirty (30) days of the date of entry of this order, why his § 2254 petition should not be dismissed without prejudice under the *Younger* abstention doctrine. Failure to file a timely written response may result in the dismissal of this action without prejudice without further notice.

IT IS THEREFORE ORDERED that Petitioner's petition for writ of mandamus [Doc. 7] is DENIED;

IT IS FURTHER ORDERED that Petitioner show cause in writing, within thirty (30) days of the date of entry of this order, why his § 2254 petition should not be dismissed without prejudice under the *Younger* abstention doctrine.

_____
UNITED STATES DISTRICT JUDGE